1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED & ENTERED

FEB 12 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY pickett    DEPUTY CLERK

## ORDER NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**JORGE ARMANDO RINCON TORRES,**<br><br>Debtor. | Case No. 2:15-bk-21044-RK<br><br>Chapter 7<br><br>Adv. No. 2:15-ap-01541-RK |
| **ROSENDO GONZALEZ, Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>vs.<br><br>**JORGE ARMANDO RINCON TORRES,**<br><br>Defendant. | **ORDER DENYING TRUSTEE'S MOTION FOR DEFAULT JUDGMENT, VACATING HEARING ON MOTION AND CONTINUING STATUS CONFERENCE** |

Pending before the court in the above-captioned adversary proceeding is the

motion of plaintiff Rosendo Gonzalez, Chapter 7 Trustee in this Chapter 7 bankruptcy

case ("Trustee"), for default judgment on his claim under 11 U.S.C. § 727(a)(9) against

Defendant Jorge Amando Rincon Torres ("Defendant"), the debtor in this bankruptcy

case.  ECF 11 and 12.  Trustee is representing himself on the Motion.  Defendant, whose

default has been entered by the Clerk of Court in this adversary proceeding, did not file

any opposition or response to the Motion.

On October 8, 2015, Plaintiff commenced this adversary proceeding by filing a complaint objecting to Defendant's discharge pursuant to 11 U.S.C. § 727(a)(9), ECF 1. Defendant did not file a response to Plaintiff's complaint.  On November 30, 2015, Plaintiff filed a request for the Clerk of Court to enter default under Local Bankruptcy Rule 7055-1(a), ECF 6, and default was entered by the Clerk against Defendant, ECF 9.  On January 26, 2016, Plaintiff filed the Motion and noticed it for hearing on February 16, 2016, ECF 11 and 12.

Having considered the Motion and the record otherwise before the court, the court determines that oral argument is unnecessary, dispenses with oral argument, takes the Motion under submission, vacates the hearing on the Motion set for February 16, 2016 at 2:30 p.m., continues the status conference in this matter on February 16, 2016 at 2:30 p.m. to April 19, 2016 at 1:30 p.m., and denies the Motion for the following reasons.

Under 11 U.S.C. § 727(a)(9), the court shall grant the debtor a discharge unless, "the debtor has been granted a discharge under section 1228 or 1328 of this title . . . in a case *commenced* within six years before the date of the filing of the petition . . . ." (emphasis added).  Nonetheless, Trustee in the Motion argues that Defendant is not entitled to a discharge in this Chapter 7 bankruptcy case because "it has not been six (6) years *since the February 6, 2013 discharge* of the Debtor's debts pursuant to Section 1328(a) of the Bankruptcy Code."  Motion at 6 (emphasis added); see also, Complaint, ECF 1 at 4, ¶¶ 16-18 ("16.  In the Debtor's First Case, the Debtor received the discharge of debts pursuant to Section 1328(a) of the Bankruptcy Code on February 6, 2013.  17. The Debtor commenced this case on July 13, 2015.  18.  As a result, the Debtor is not entitled to a discharge of his debts under Section 727(9) of the Bankruptcy Code, since it has not been six (6) years since the February 6, 2013 discharge of the Debtor's debts pursuant to Section 1328(a) of the Bankruptcy Code.").

In a prior bankruptcy case, Defendant had filed for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C., on October 15, 2008.  *In re Karina Rodriguez Macias and*

2

1 *Jorge Amando Rincon,* Case No. 2:08-bk-27267-WB Chapter 13 (Bankr. C.D. Cal.,

2 petition filed on October 15, 2008).  Defendant subsequently received a discharge in the

3 prior Chapter 13 bankruptcy case pursuant to 11 U.S.C. § 1328 on February 6, 2013.

4 Exhibit 1 to Motion, Discharge of Debtor after Completion of Chapter 13 Plan, *In re*

5 *Karina Rodriguez Macias and Jorge Amando Rincon,* Case No. 2:08-bk-27267-WB

6 Chapter 13 (Bankr. C.D. Cal., discharge entered on February 6, 2013).  Afterwards,

7 Defendant commenced the instant Chapter 7 bankruptcy case on July 13, 2015 by filing

8 his petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C.  *In re Jorge*

9 *Armando Rincon Torres,* Case No. 2:15-bk-21044-RK Chapter 7 (Bankr. C.D. Cal.,

10 petition filed on July 13, 2015), ECF 1.

11      The court determines that because Defendant was only granted a discharge in a

12 Chapter 13 bankruptcy case commenced more than six years before the filing of this

13 Chapter 7 bankruptcy case, he is not ineligible for a discharge in this Chapter 7

14 bankruptcy case under 11 U.S.C. § 727(a)(9).  Contrary to Trustee's argument that

15 Defendant is not eligible for a discharge in this case based on the date of entry of

16 discharge in the prior Chapter 13 bankruptcy case, the statutory six-year look back period

17 for discharge eligibility in a subsequent Chapter 7 bankruptcy case under 11 U.S.C. §

18 727(a)(9) in light of a discharge in a prior Chapter 13 bankruptcy case is based on when

19 the prior Chapter 13 bankruptcy case was commenced, not when the discharge was

20 entered in the prior case as argued by Trustee.  Accordingly, the court determines that

21 under 11 U.S.C. § 727(a)(9), Defendant is still eligible to receive a discharge in this case

22 because he filed this Chapter 7 bankruptcy case more than six years since he

23 commenced his prior Chapter 13 bankruptcy case.  Therefore, the court must reject

24 Trustee's argument which is based on a misreading of the statutory language of 11

25 U.S.C. § 727(a)(9) and must deny the Motion.

26      The court also observes that despite the entry of default by the Clerk, Trustee has

27 failed to show that Defendant has been properly served with the adversary complaint in

28

3

compliance with Federal Rule of Civil Procedure 4(c)(1), made applicable to this

adversary proceeding through Federal Rule of Bankruptcy Procedure 7004.  Federal

Rule of Civil Procedure 4(c)(1) requires a summons to be served with a copy of the

complaint.  Trustee's proof of service for service of process filed with the court on

October 14, 2015, and titled on the docket as "Summons Service Executed," ECF 4,

attests that the summons and notice of status conference were served on Defendant on

October 14, 2015, but it does not state that a copy of the complaint was served on

Defendant.  A copy of the complaint was attached to ECF 4, the proof of service, titled on

the docket as "Summons Service Executed," but there is nothing in the proof of service

that attests that a copy of the complaint was served on Defendant.  It may be that the

proof of service may be amended to clarify that the complaint was served on Defendant

as an attachment to the Summons and Notice of Status Conference served on

Defendant, but this has not been done.  Thus, without such clarification or other proof of

service of the complaint on Defendant at this time, Plaintiff's Motion must also be denied

on the alternative grounds of insufficient evidence of proper service of process on

Defendant.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  Trustee's Motion for Default Judgment, ECF 11, is denied.

2.  The hearing on Trustee's Motion for Default Judgment noticed for February 16,
2016 at 2:30 p.m. is vacated.

3.  Because it appears to the court that Trustee does not have a viable claim
against Defendant under 11 U.S.C. § 727(a)(9) as discussed herein, the court
strongly suggests that Trustee consider filing and serving a notice of voluntary
dismissal pursuant to Federal Rule of Bankruptcy Procedure 7041 (with special
notice requirements for complaints objecting to discharge), also making
Federal Rule of Civil Procedure 41(a)(2) applicable to this adversary
proceeding.

4. In light of the court's ruling on the Motion, the court determines that the status conference set for February 16, 2016 at 2:30 p.m. should be continued in order for Trustee to have adequate time to consider the ruling on the Motion and for proper service and filing a notice of voluntary dismissal pursuant to Federal Rule of Bankruptcy Procedure 7041.  Accordingly, the status conference in this adversary proceeding set for February 16, 2016 at 2:30 p.m.is continued to April 19, 2016 at 1:30 p.m.

5. No appearances are required for the Motion and the status conference on February 16, 2016.

IT IS SO ORDERED.

### 

Date: February 12, 2016

_____

Robert Kwan
United States Bankruptcy Judge